UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES RICHARD FOERSTER, JR.,

Plaintiff,

v. Case No. 8:22-cv-1624-CPT

FRANK BISIGNANO,
Commissioner of Social Security,[1]

Defendant.
_______________________________________/

**O R D E R**

Before the Court is the Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 24). For the reasons discussed below, the Plaintiff's motion is granted.

I.

This case is the second one that the Plaintiff has brought against the Defendant Commissioner of Social Security. In February 2019, the Plaintiff filed his first action seeking judicial review of the Commissioner's decision denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income. *See Foerster v.*

[1] Mr. Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Bisignano is substituted for the former Acting Commissioner, Mr. Leland Dudek, as the Defendant in this suit.

*Saul, Comm'r of Soc. Sec.*, No. 8:19-cv-450-S_B-CPT (M.D. Fla. Jan. 31, 2020). In October 2019, at the Commissioner's request, the Court reversed the Commissioner's decision and remanded the case for further proceedings before the Social Security Administration (SSA). *Id.* at (Docs. 15, 16, 17). The Clerk of Court entered Judgment for the Plaintiff a few days afterwards. *Id.* at (Doc. 18). And roughly three months later, the Plaintiff sought and obtained $8,036 in attorneys' fees under the Equal Access to Justice Act (EAJA). *Id.* at (Docs. 19, 20, 21).

In July 2022, the Plaintiff initiated this action seeking review of the Commissioner's decision on remand, which denied his claim for DIB. (Doc. 1). At the Commissioner's request in December 2022, the Court reversed the Commissioner's decision and remanded the case for further proceedings before the SSA. (Docs. 19, 20). The Clerk of Court entered Judgment for the Plaintiff the next day. (Doc. 21). Roughly one month later, the Plaintiff sought and obtained an additional $1,010.28 in attorneys' fees under the EAJA. (Docs. 22, 23). As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits. (Doc. 24-1 at 2).

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b) approving fees in the amount of $40,643.92 for the services his attorneys rendered in this lawsuit. (Doc. 24). According to the SSA, this figure equates to twenty-five percent of the past-due benefits awarded, which is the statutory fee limit for the legal work conducted on remand before a district court. *See*

42 U.S.C. § 406(b). This sum does not conflict with the Plaintiff's fee agreement with his attorneys, as that agreement provides for a contingency fee of twenty-five percent of his past-due benefits. (Doc. 24-2). According to the Plaintiff, his lawyers are aware of their obligation to reduce the contingency fee by the amount of the previous EAJA awards. (Doc. 24 at 2). The Commissioner neither supports nor opposes the Plaintiff's fee motion. (Doc. 26).

II.

Section 406(b) governs the authorization of attorneys' fees in Social Security actions where, as here, a district court remands the matter to the Commissioner for further proceedings, and the Commissioner thereafter grants a claimant past-due benefits. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam). Under such a scenario, a claimant may return to the district court—as the Plaintiff has done here—and seek fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019).

The fee amount requested, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure this is the case, section 406(b) mandates that a court engage in an independent review of counsel's fee arrangement with their client. *Gisbrecht*, 535 U.S. at 807. As part of its oversight role, a court may direct that an attorney supply "a record of the hours spent representing the claimant and a statement

of the lawyer[s'] normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. A court may also require that the approved fee figure be offset by any previous fee award or by any fees due to counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, attorneys who are successful in claiming fees under both the EAJA and section 406(b) must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). A lawyer may do so either by deducting the earlier EAJA award(s) from the subsequent section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson*, 601 F.3d at 1274.

Here, the Plaintiff's sought-after fee figure of $40,643.92 is predicated upon 39.60 hours of legal services his counsel, Carol Avard and Mark Zakhvatayev, furnished on this appeal. (Doc. 24 at 1, 2). This sum encompasses all the legal work Ms. Avard and Mr. Zakhvatayev performed before the Court and—as noted above—is consistent with the Plaintiff's contingency fee agreement, as the requested amount does not exceed twenty-five percent of the total past-due benefits granted the Plaintiff. (Docs. 24-1, 24-2). In light of these facts, as well as the nature and extent of the professional assistance provided, the positive results achieved, and the Commissioner's lack of opposition to the Plaintiff's motion, the Court finds that the proposed fee figure is reasonable. *See Brown v. Comm'r of Soc. Sec. Admin.*, 2024 WL 4529664, at *2 (M.D. Fla. Oct. 1, 2024), *report and recommendation adopted*, 2024 WL

4529245 (M.D. Fla. Oct. 18, 2024); *Ocasio v. Comm'r of Soc. Sec.*, 2024 WL 4135793, at *1 (M.D. Fla. Sept. 10, 2024); *White v. Comm'r of Soc. Sec.*, 2012 WL 1900562, at *6 (M.D. Fla. May 2, 2012), *report and recommendation adopted*, 2012 WL 1890558 (M.D. Fla. May 24, 2012).

III.

Based upon the foregoing, it is hereby ORDERED:

1. The Plaintiff's motion for attorneys' fees (Doc. 24) is granted, and the Plaintiff shall be awarded fees in the amount of $40,643.92 pursuant to 42 U.S.C. § 406(b).

2. Upon receipt of these monies, Plaintiff's counsel shall promptly refund to the Plaintiff the previously authorized EAJA fee awards totaling $9,046.28.

3. This action shall be closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 31st day of July 2026.

Christopher P. Tuite

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record